UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT GLEASON, | CASE NO. 2:25-cv-02345-LK |
| Plaintiff, | ORDER TO SHOW CAUSE |
| v. | |
| SAFEWAY, INC. et al., | |
| Defendants. | |

This matter comes before the Court sua sponte. Defendant Safeway, Inc. removed this case to this Court on the basis of diversity jurisdiction. Dkt. No. 1 at 1–2. For the reasons described below, Safeway is ordered to show cause why the case should not be remanded to King County Superior Court.

Removal of a civil action to federal district court is proper when the federal court would have original jurisdiction over the state court action. 28 U.S.C. § 1441(a). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). "The 'strong presumption' against removal

ORDER TO SHOW CAUSE - 1

jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* Doubts as to removability are thus resolved in favor of remanding the case to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

Diversity jurisdiction exists over all civil actions when the matter in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). Section 1332(a)(1) requires complete diversity; that is, each plaintiff must be a citizen of a different state than each of the defendants. *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004). Although Safeway contends that this Court has jurisdiction under 28 U.S.C. § 1332(a)(1), Dkt. No. 1 at 4, Safeway does not establish that the parties are diverse. First, it asserts that Plaintiff Robert Gleason is a citizen of Washington because he is a "resident of King County," *id.*, but for purposes of diversity jurisdiction, an individual's state citizenship is determined by his domicile or permanent home, which is not necessarily the same as his state of residence, *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *see also Ehrman v. Cox Commc'ns., Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) ("[R]esidency is not equivalent to citizenship."). Second, Safeway asserts that Volta Charging, LLC "is a 'citizen of' either Delaware or California" because it "is (a) incorporated in Delaware, and (b) its principal place of business is in California," Dkt. No. 1 at 4,[1] but a limited liability company is a "citizen of every state of which its owners/members are citizens," *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

Volta Charging, LLC's corporate disclosure statement does not help the Court, because it too misstates its citizenship. Dkt. No. 7 at 1 ("Volta Charging, LLC was incorporated in Delaware with its principal place of business in San Francisco, California"); *see also* Fed. R. Civ. P. 7.1(a)(2)

---

[1] Safeway's notice of removal notes that Volta Charging Industries LLC was formerly known as Volta Charging, LLC. *See* Dkt. No. 1 at 1.

ORDER TO SHOW CAUSE - 2

("The [corporate disclosure] statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party").

Accordingly, Safeway is ORDERED TO SHOW CAUSE within 14 days of the date of this Order why this case should not be remanded for lack of subject matter jurisdiction. Failure to do so will result in remand. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). The Court further ORDERS Defendant Volta Charging, LLC to file a corrected Corporate Disclosure Statement within seven days that clearly names and identifies the citizenship of "every individual or entity whose citizenship is attributed to that party." Fed. R. Civ. P. 7.1(b); *see also* LCR 7.1(b).

Dated this 21th day of January, 2026.

Lauren King
United States District Judge

ORDER TO SHOW CAUSE - 3